# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50316
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MANUEL FERNANDO SUAREZ-VEGA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:17-CR-507-1

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Manuel Fernando Suarez-Vega appeals the 36-month sentence imposed following his guilty plea conviction for illegal reentry. The sentence represents an upward variance from the applicable guidelines range of 15-21 months. On appeal, Suarez-Vega contends that his sentence is substantively unreasonable. He asserts that the district court gave undue weight to his criminal history because his prior felony convictions were old and had no relevance to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50316

instant offense, but they were used to impose a four-level enhancement under the Guidelines.  He maintains that that the guidelines sentencing range was too severe because the district court failed to consider that his reentry offense was at bottom a mere trespass or his personal characteristics that explained his motivations for returning to the United States.

We review sentences for substantive reasonableness, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 49-51 (2007).  This court has rejected a challenge to the validity of a guidelines range calculated under U.S.S.G. § 2L1.2 in light of the purported double counting of the defendant's criminal history.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).  In addition, we have rejected the argument that a guidelines sentence under § 2L1.2 is unreasonable because illegal reentry is a mere trespass offense.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The record confirms that the district court considered counsel's arguments and made an individualized assessment of the § 3553(a) factors, determining that the seriousness of the prior offenses and the need for a just sentence, deterrence, respect for the law, and protection of the public outweighed the age of the prior offenses and Suarez-Vega's ties to the United States and warranted an above-guidelines sentence.  *See Gall*, 552 U.S. at 49-50; § 3553(a)(1), (2)(A)-(C).  Suarez-Vega has not shown that the district court failed to take into account "a factor that should have received significant weight," gave weight "to an irrelevant or improper factor," or represented "a clear error of judgment in balancing the sentencing factors."  *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

No. 18-50316

As for the increase to 36 months from the 21-month top of the guidelines range, this court has upheld variances and departures greater than the increase to Suarez-Vega's sentence. *See United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006). Suarez-Vega has failed to show that the district court abused its discretion in imposing the above-guidelines sentence. *See Gall*, 552 U.S. at 51; *Smith*, 440 F.3d at 707. Consequently, the judgment of the district court is AFFIRMED.